IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHINYERE U. NWOKE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 06 C 0030 |
| | ) | |
| v. | ) | Judge Norgle |
| | ) | Magistrate Judge Mason |
| COUNTRYWIDE HOME LOANS, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**COUNTRYWIDE HOME LOANS, INC.'S ANSWER AND DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

NOW COMES Countrywide Home Loans, Inc. ("Countrywide"), by and through undersigned counsel, and for its Answer and Defenses to Plaintiff's Amended Complaint ("Complaint") states as follows:

1. Countrywide Home Loans, herein known as "Countrywide", violated 15 U.S.C. § 1692c when Countrywide, a mortgage lender, herein known as the Defendant (1) made false representations of the amount it lawfully received from the Plaintiff, a borrower, and thereafter withheld monthly billing statements from the Plaintiff, (2) made false and misleading representations of the Plaintiff's mortgage payments to the credit bureaus and (3) threatened to foreclose the Plaintiff's house when the Defendant knew that such an action could not be legally taken. This misleading representation by the Defendant happened from January 2005 to October 2005, consequently damaging the Plaintiff's financial health and stifling the Plaintiff's efforts to refinance the mortgage in 2005.

ANSWER: Countrywide denies each and every allegation contained in paragraph 1 of the Complaint.

2. On July 31, 2003, the Plaintiff refinanced a home loan mortgage with the Defendant. The Defendant sent monthly billing statements to the Plaintiff and the Plaintiff made monthly payments to the Defendant. On December 28, 2004, the Plaintiff made check payments to the Defendant for January, 2005 loan payment. The Defendant received the said checks for $1,181.56 from the Plaintiff but falsely made entries in the Plaintiff's payment history that it received only $648.10. (See copies of checks as plaintiff's

1

>Exhibit A and copies of Plaintiff's loan payment history showing Defendant's false representation as Plaintiff's Exhibit B). The Plaintiff was unaware of this error at the time because the Defendant stopped sending monthly statements to the Plaintiff from January, 2005. The Plaintiff continued to send monthly statements to the Defendant with ordinary envelopes but the Defendant continued to report false past due notices to the credit bureaus, consequently destroying the Plaintiff's credit. The misrepresentation by the Defendant is a wanton violation of 15 U.S.C. § 1692e(2)(A). This statute prohibits the false representation of the amount of any debt lawfully received by an debt collector for the collection of a debt. The Plaintiff seeks to invoke the *Res ipsa loquitur* doctrine "The thing speaks for itself". The Defendant, a debt collector, had exclusive control over the thing that caused the harm. The Defendant received payments from the Plaintiff but the Defendant misrepresented the amount received, ultimately causing harm. The harm could not have occurred without the gross negligent conduct, and total disregard for the law, by the Defendant. There was a breach of duty on the part of the Defendant in failing to adhere to debt collection standards.

ANSWER: Countrywide admits that it entered into a mortgage agreement with Plaintiff on or about July 21, 2003. Countrywide admits that it sent billing statements to Plaintiff and admits that Plaintiff made payments to Countrywide between August, 2003 and December 3, 2004. Countrywide lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the third sentence of paragraph 2 of the Complaint and demands strict proof thereof. Countrywide denies the allegations contained in the fourth sentence of paragraph 2 of the Complaint, and further states that the documents attached as Exhibit A and B speak for themselves. Countrywide lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the fifth sentence of paragraph 2 of the Complaint and demands strict proof thereof. Countrywide denies the allegations contained in the sixth sentence of paragraph 2 of the Complaint. Countrywide states that the allegations contained in the seventh through thirteenth sentences of paragraph 2 of the Complaint contain legal conclusions, to which no responsive pleading is required. Should a

response be deemed required, Countrywide denies each and every allegation contained in said sentences. Countrywide denies all remaining allegations contained in paragraph 2 of the Complaint.

> 3. This Honorable Court has competent jurisdiction in this cause of action pursuant to 15 U.S.C. § 1692k(d), which affirms that "an action to enforce any liability created by this subchapter may be brought in any appropriate United States District Court." The United States District Court for the Northern District of Illinois has jurisdiction over the civil action brought by the plaintiff pursuant to 28 U.S.C. § 1332, as parties in this case are citizens of different states. The Plaintiff is a citizen of Illinois, U.S.A. The Plaintiff's certificate of naturalization number is 28800862. Plaintiff owns and resides at 522 Alcott Lane, Bolingbrook in the state of Illinois. The Village of Bolingbrook and the County of Will, Illinois issued the warranty deed of Plaintiff's residence. The warranty deed, # W86899, dated October 07, 1998, is attached as Plaintiff's Exhibit C. The Plaintiff's Illinois driver's license # is N200-1186-3928. The Plaintiff's Voter Certificate of Registration was issued on November 03, 2005, and is hereby attached as Plaintiff's Exhibit D. On the other hand, Defendant is a citizen of the state of California. According to 28 U.S.C. § 1332 in subsection c (1), "a corporation shall be deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business." Furthermore, the matter in controversy exceeds $75,000. Hence, the Plaintiff asserts that the requirements for diversity jurisdiction are met.

ANSWER: The allegations contained in the first and second sentence of paragraph 3 of the Complaint contain legal conclusions to which no responsive pleading is required. To the extent a response is deemed required, Countrywide states that the statutes cited in said sentences speak for themselves. Countrywide lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the third and fourth sentences of paragraph 3 of the Complaint and demands strict proof thereof. Countrywide admits, on information and belief, that Plaintiff owns and resides at property at 522 Alcott Lane, Bolingbrook, Illinois. Countrywide states that the document attached as Exhibit C to the Complaint speaks for itself. Countrywide lacks knowledge

or information sufficient to form a belief as to the truth or falsity of the allegations contained in the seventh sentence of paragraph 3 of the Complaint and demands strict proof thereof. Countrywide states the document attached as Exhibit D to the Complaint speaks for itself. Countrywide states that its principal place of business is in the State of California. Countrywide states that the statute cited in the tenth sentence of paragraph 3 of the Complaint speaks for itself. Countrywide states that the allegations contained in the eleventh and twelfth sentences of paragraph 3 of the Complaint contain legal conclusions to which no responsive pleading is required. Should a response be deemed required, Countrywide denies each and every allegation contained in said sentences. Countrywide denies all remaining allegations contained in paragraph 3 of the Complaint.

    4.    The Defendant grossly violated 15 U.S.C. § 1692e(8) when Defendant, after receiving the Plaintiff's timely payments, communicated false reports to the credit bureaus claiming that the Plaintiff was late in loan payments.

ANSWER:    Countrywide denies each and every allegation contained in paragraph 4 of the Complaint.

    5.    This abusive practice by the Defendant is the proximate cause of the damage of the Plaintiff's credit and financial health. Pursuant to 15 U.S.C. § 1692k(1), "any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of any actual damage sustained by such person as a result of such failure." The Court shall competently award civil liability in any action under this section when the Court considers the frequency and persistence of noncompliance by the debt collector.

ANSWER:    Countrywide states that the allegations contained paragraph 5 of the Complaint contain legal conclusions to which no responsive pleading is required. Should a response be deemed required, Countrywide denies each and every allegation contained in said sentences.

4

      6.      On October 17, 2005, the Defendant falsely threatened to foreclose the Plaintiff's house, blatantly violation federal statute 15 U.S.C. 1692e(5). Due to this harassment, the Plaintiff quickly sought to refinance the mortgage loan to be free from the abusive and deceptive practices of Countrywide. The Plaintiff could not refinance the mortgage due to the Plaintiff's destroyed credit by the Defendant.

ANSWER:    Countrywide denies each and every allegation contained in paragraph 6 of the Complaint.

      7.      On October 31, 2005, the Plaintiff obtained the Plaintiff's loan payment history from the Defendant and detected the erroneous entries. On November 1, 2005, the Defendant agreed to investigate and correct the error, during a telephone conversation between the Plaintiff and Ms. Pamela Speaks, a supervisor at Countrywide. On November 2, 2005, the Defendant sent a letter to the Plaintiff claiming that the Defendant had sent letters to the credit bureaus for the correction of Plaintiff's credit. The Defendant reneged on this promise as shown on a credit report of January 16, 2006 depicting that the Plaintiff was 60 days past due on Countrywide Home Loan, (See Exhibit E).

ANSWER:    Countrywide lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 7 of the Complaint and demands strict proof thereof. Countrywide further states that the document attached as Exhibit E speaks for itself.

      8.      On December 1, 2005, the Plaintiff received a check for $352.53 from the Defendant, said to be the refund for the late charges.

ANSWER:    Countrywide admits that on or about December 2, 2005, it sent a check for $352.53 to Plaintiff and denies the remaining allegations of paragraph 8 of the Complaint.

      9.      The Defendant failed in its duty to follow the standard of debt collection from the Plaintiff. This unscrupulous practice by the defendant was the proximate cause of the damages sustained by the Plaintiff. The Defendant obtained credit information on the Plaintiff prior to and after the damage (See Plaintiff's Exhibit F). Therefore, the Defendant is liable to the Plaintiff.

ANSWER: Countrywide states that the allegations contained paragraph 9 of the Complaint contain legal conclusions to which no responsive pleading is required. Should a response be deemed required, Countrywide denies each and every allegation contained in said paragraph.

> 10. The Defendant was wantonly negligent and grossly violated 15 U.S.C. 1692e when Defendant used false, deceptive and misleading representations in the collection of debt from the Plaintiff.

ANSWER: Countrywide states that the allegations contained paragraph 10 of the Complaint contain legal conclusions to which no responsive pleading is required. Should a response be deemed required, Countrywide denies each and every allegation contained in said paragraph.

> WHEREFORE, for the foregoing reasons, the Plaintiff respectfully moves this Honorable Court to award the Plaintiff compensatory damages for $1,500,000 and punitive damages against Defendant, to the full extent provided by law.

ANSWER: As for the unnumbered prayer for relief following paragraph 10 of the Complaint, no responsive pleading is required. Should a response be deemed required, Countrywide denies each and every allegation in this unnumbered prayer for relief.

## **AFFIRMATIVE DEFENSES**

For its affirmative defenses to Plaintiff's Complaint, defendant Countrywide states as follows:

## **FIRST DEFENSE**

The Complaint fails to set forth a claim upon which relief can be granted.

6

**SECOND DEFENSE**

Countrywide made no express or implied representations of any kind to plaintiff, nor did plaintiff rely on any representations made by Countrywide. To the extent plaintiff relied upon any representations, such reliance was unjustified.

**THIRD DEFENSE**

Plaintiff's claims are barred because Plaintiff has failed and refused to mitigate her alleged damages.

**FOURTH DEFENSE**

Countrywide did not violate any state or federal statute, regulation, ordinance or other applicable law in its dealings with Plaintiff.

**FIFTH DEFENSE**

To the extent Plaintiff has been damaged as alleged, such damage was caused by acts or omissions by Plaintiff and not by any act or omission by Countrywide.

**SIXTH DEFENSE**

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Countrywide to determine all of its legal, contractual and equitable rights, Countrywide reserves the right to amend and/or supplement its answer to assert any and all pertinent defenses ascertained through further investigation and discovery of this action.

**CONCLUSION**

WHEREFORE, Defendant Countrywide Home Loans, Inc. respectfully requests that plaintiff take nothing in this suit, that it recover its costs of court and expenses and such other relief to which it may show itself justly entitled.

Dated: April 6, 2006                          Respectfully submitted,

BRYAN CAVE LLP

By: _____/s/ Derek S. Holland_____
Steven R. Smith
Derek S. Holland
161 North Clark St., Suite 4300
Chicago, Illinois 60601
Telephone: (312) 602-5000
Facsimile: (312) 602-5050

*Attorneys for Countrywide Home Loans, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certify that on the 6th day of April, 2006, a true and correct copy of the foregoing ANSWER AND DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT was filed with the Clerk of Court using the CM/ECF system. The undersigned hereby certifies that on the same date a copy of the foregoing document was mailed via First Class U.S. Mail, postage prepaid, to the following non-CM/ECF participant:

>  Chinyere U. Nwoke
>  522 Alcott Lane
>  Bolingbrook, Illinois  60440

                                    By: ____/s/ Derek S. Holland_____
                                    Derek S. Holland
                                    161 North Clark St., Suite 4300
                                    Chicago, Illinois 60601
                                    Telephone: (312) 602-5000
                                    Facsimile:  (312) 602-5050